[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2008
THOMAS K. KAHN
CLERK

No. 07-15889
Non-Argument Calendar

_____

D. C. Docket No. 05-00010-CR-01-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDALL LANE SCOTT,
a.k.a. Alien,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 23, 2008)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

This is Randall Scott's appeal of his 300-month prison sentence imposed

after he pleaded guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), manufacturing methamphetamine in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2, and possessing materials used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6).

## I.

Scott first contends that the district court's finding that he was a leader and organizer of the conspiracy is clearly erroneous. On the basis of that finding, the district court applied a four-level enhancement under United States Sentencing Guidelines § 3B1.1(a) (Nov. 2002).

"A district court's enhancement of a defendant's offense level based on his role as an organizer or leader is a finding of fact reviewed for clear error." United States v. Rendon, 354 F.3d 1320, 1331 (11th Cir. 2003). The government has the burden of proving by a preponderance of the evidence the existence of the aggravating role. United States v. Yeager, 331 F.3d 1216, 1226 (11th Cir. 2002). A defendant's base offense level is increased by four levels if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a).

Factors a court should consider in determining if the leadership/organizer enhancement applies are the: (1) exercise of decision-making authority; (2) nature

2

of participation in the commission of the offense; (3) recruitment of accomplices; (4) claimed right to a larger share of the fruits of the crime; (5) degree of participation in planning or organizing the offense; (6) nature and scope of the illegal activity; and (7) degree of control and authority exercised over others. Rendon, 354 F.3d at 1331–32.

While "[t]he defendant does not have to be the sole leader or kingpin of the conspiracy in order to be considered an organizer or leader within the meaning of the Guidelines," United States v. Vallejo, 297 F.3d 1154, 1169 (11th Cir. 2002) (citation omitted), a defendant's status as a middleman or distributor is insufficient to support a leadership role enhancement, United States v.Yates, 990 F.2d 1179, 1182 (11th Cir. 1993). The government must establish that the defendant exercised "authority in the organization that perpetrates the criminal conduct, the exertion of control, or leadership." United States v. Alred, 144 F.3d 1405, 1422 (11th Cir. 1998).

Scott does not challenge the finding that there were five or more participants the conspiracy. Instead, he argues that he was an equal participant with his co-conspirators and that he was not a leader or organizer. We disagree. The record shows that Scott: (1) taught two of his co-conspirators how to manufacture methamphetamine; (2) paid the rent for property used as a

methamphetamine lab in Canton, Georgia; and (3) recruited accomplices to supply the materials necessary to manufacture methamphetamine. On the basis of those facts, it was not clearly erroneous for the district court to find that Scott was a leader or organizer of the methamphetamine conspiracy. The district court therefore did not clearly err in applying a leadership role enhancement.

## II.

Scott next contends that his 300-month prison sentence is unreasonable on the ground that it is effectively a life sentence, given his age and medical condition. We review the sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). Under this standard, we review the district court's sentencing decision only for an abuse of discretion. Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 597 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. ___, 127 S. Ct. 2456, 2468 (2007). Reasonableness review is "deferential," there are a "range of reasonable sentences from which the district court may choose," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)."

4

<u>Talley</u>, 431 F.3d at 788.

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. <u>Id.</u> at 786 (citing 18 U.S.C. § 3553(a)). "The weight to be accorded any given § 3553 (a) factor is a matter committed to the sound discretion of the district court." <u>United States v. Clay</u>, 483 F.3d 739, 743 (11th Cir. 2007).

There is no dispute that the district court imposed a procedurally reasonable sentence. We conclude that Scott's sentence is also substantively reasonable. The district court considered the § 3553(a) factors and the parties' arguments and imposed a sentence below the advisory guideline range of 360 months to life imprisonment. The court recognized the severity of Scott's crimes and noted the effect of methamphetamine on society. The court also, however, expressed its reluctance to impose a life sentence in a case that was not a "major trafficking

5

case[]." That reluctance was borne out in the court's decision to impose a sentence below the guidelines range. The fact that Scott will be in his seventies at the conclusion of his sentence does not make the district court's sentence unreasonable. Finally, the sentence imposed is far below the statutory maximum for each of the crimes for which he was convicted, which is a strong indicator of reasonableness. See United States v. Valnor, 451 F.3d 744, 752 (11 th Cir. 2006) (noting that a sentence significantly lower than the statutory maximum is a sign of reasonableness). Scott has not shown that his sentence was unreasonable.

**AFFIRMED.**