**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edward Hall YATES, Defendant–
Appellant.**

**No. 92–6049.**

United States Court of Appeals,
Eleventh Circuit.

May 17, 1993.

Peter J. Madden, Madden & Soto, Mobile, AL, for defendant-appellant.

Richard H. Loftin, Asst. U.S. Atty., Mobile, AL, for plaintiff-appellee.

Before DUBINA, Circuit Judge, CLARK and ESCHBACH *, Senior Circuit Judges.

PER CURIAM:

The issue presented in this appeal is whether a defendant's role as the supplier of drugs to the head of an extensive retail distribution conspiracy is alone sufficient to render him a "leader or organizer" of the group under section 3B1.1(a) of the United States Sentencing Guidelines ("U.S.S.G."). We hold that the district court erred as a matter of law and fact in finding that it was sufficient. Accordingly, we vacate the defendant's sentence and remand to the district court for resentencing.

## I.  STATEMENT OF THE CASE

### A.  Procedural Background

Appellant Edward Hall Yates ("Yates") was indicted with his codefendants by a federal grand jury for the Southern District of Alabama on one count of conspiracy to distribute hydromorphone hydrochloride, a potent narcotic commonly known as dilaudid, and sixteen counts of possession with intent to distribute the drug. Pursuant to a plea agreement, Yates pled guilty to the conspiracy charge. See 21 U.S.C. § 846 (1988). The district court sentenced Yates to fifty-four months imprisonment without parole, to be followed by a five-year term of supervised release. A $50.00 special assessment was also imposed. The remaining sixteen counts against Yates were dismissed upon motion of the government.

### B.  Facts

John Pigott ("Pigott"), a police officer in Mobile, Alabama, conducted an investigation involving distribution of dilaudid in the Mobile area. Pigott interviewed Richard Lundy ("Lundy"), who told him that Yates had provided dilaudid to Lundy from "early 1989 through March 1991." (R2–5–6.) Pigott testified that Lundy had stated that he received between twenty-five and fifty dilaudid tablets per week from Yates, who obtained them in Houston, Texas. (Id.) Pigott also recounted that Teresa Estes ("Estes") had told him that, for a period of approximately six months, Yates supplied her and Leslie Filingham ("Filingham") with approximately four dilaudid tablets per day. (Id. at 8.)

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

Also named as co-conspirators were Lundy's former supplier and several individuals who purchased drugs from Lundy. Pigott testified that Yates did not exercise any kind of control over persons to whom Lundy distributed the drug and did not have any relationship with the indicted co-conspirators. (Lundy himself was not charged in the indictment). Further, Yates did not exercise any control over Lundy, and his relationship with Lundy was strictly that of a seller of drugs. (*Id.* at 13, 14.)

Yates testified at his sentencing hearing that he supplied Lundy with dilaudid tablets but not in the quantities claimed by . Pigott. He also admitted supplying Lundy with two ounces of cocaine and possessing another three ounces of cocaine that he intended to supply to Lundy. Yates testified that he supplied Estes and Filingham, who were users of dilaudid, with at most forty tablets. (*Id.* at 21–23.)

Crediting Pigott's hearsay testimony over Yates's testimony, the district court found that Yates possessed with intent to distribute 3,000 tablets of dilaudid. Using that number in applying the offense quantity table of U.S.S.G. § 2D1.1(c) & comment. (n. 10) (Nov. 1, 1991), *amended,* U.S.S.G.App. C ¶¶ 446–47 (Nov. 1, 1992), the district court found a base offense level of twenty. (R2–19, 28.) The district court further found sufficient evidence to warrant an upward adjustment of four levels pursuant to U.S.S.G. § 3B1.1(a) (1987) "based on the extensive nature of this distribution ring." (R2–18.) The district court then deducted two levels for Yates's acceptance of responsibility under U.S.S.G. § 3E1.1 (Jan. 15, 1988), *amended,* U.S.S.G.App. C ¶ 459 (Nov. 1, 1992), for a total offense level of twenty-two. Yates's criminal history category of III resulted in a guideline sentencing range of fifty-one to sixty-three months imprisonment, from which the district court derived its sentence of fifty-four months.

Yates's sole contention in this appeal is that the district court erred in its four-level upward adjustment of his base offense level under section 3B1.1(a).

## II. *ANALYSIS*

The probation officer responsible for preparing the presentence investigation report recommended that a four-level enhancement be made for Yates's role as a leader or organizer of the Lundy distribution ring. The guidelines provide that the offense level is to be increased by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants, or was otherwise extensive." U.S.S.G. § 3B1.1(a) (1987). Yates objected and, at the sentencing hearing, stated that his role was only that of a supplier. The district court overruled the objection and held that Yates's involvement was sufficiently aggravating to warrant the adjustment.

The record in this case demonstrates that Yates supplied a significant amount of dilaudid tablets to Lundy for approximately two years. During that time, Yates sold Lundy approximately 3,000 dilaudid tablets in roughly weekly transactions that averaged between twenty-five and fifty tablets. Yates also supplied smaller amounts of dilaudid to other individuals. After acquiring the dilaudid tablets from Yates, Lundy distributed them throughout the Mobile area through at least six accomplices at various times.

■ Application of section 3B1.1(a) "requires the district court to determine the role the defendant played in the criminal activity *and* how many participants were involved in the criminal activity." *United States v. Baggett,* 954 F.2d 674, 678 (11th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 2983, 119 L.Ed.2d 601 (1992) (emphasis added). Nonetheless, the government argued that Yates's role was aggravated merely because he supplied dilaudid to Lundy's "otherwise extensive" operation. In contrast, Yates argued that the adjustment was unwarranted because the government had failed to show that he was an organizer or leader. We agree with Yates that section 3B1.1(a)'s plain language requires *both* a leadership role *and* an extensive operation. Without proof of the defendant's leadership role, evidence of the oper-

ation's extensiveness is insufficient as a matter of law to warrant the adjustment.

■■■ The government has the burden of proving by a preponderance of the evidence the existence of the aggravating role. *United States v. De La Rosa*, 922 F.2d 675, 680 (11th Cir.1991). A district court's determination as to a defendant's role in the offense is a finding of fact subject to a clearly erroneous standard of review. Whether a particular provision of the guidelines applies to a given set of facts is a question of law reviewed de novo. *United States v. Kirkland*, 985 F.2d 535, 537 (11th Cir.1993).

■ The guidelines' commentary provides that "in distinguishing a leadership and organizational role from one of mere management or supervision, titles such as 'kingpin' or 'boss' are not controlling." U.S.S.G. § 3B1.1, comment. (n. 3) (1987). The commentary further provides:

> Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*Id.* In *United States v. Brown*, 944 F.2d 1377 (7th Cir.1991), the court considered the requirements for an upward adjustment under section 3B1.1. The Seventh Circuit held:

The mere status of a middleman or a distributor does not support enhancement under Section 3B1.1 for being a supervisor, manager, or leader. Section 3B1.1 requires the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership.

*Id.* at 1385. In construing section 3B1.1(a) we adopt the reasoning of *Brown* and the persuasive interpretation provided by the Commission's commentary in Application Note 3.

The government in this case presented no evidence that Yates was an organizer or leader of the dilaudid distribution network controlled by Lundy. There was no evidence that Yates had any control over Lundy's organization, nor was there anything to suggest the existence of any of the factors identified by the Commission commentary or *Brown*. In fact, there was no evidence before the district court indicating anything other than a continuing seller/buyer relationship between Yates and Lundy.[1] Had the district court made a factual finding that Yates occupied a leadership role, the absence of proof on the subject would have forced us to reverse the finding as clearly erroneous. *E.g., United States v. Patrick*, 983 F.2d 206, 209–11 (11th Cir.1993). Instead, the district court merely stated that Yates was "involved in an organization that was 'otherwise extensive.'" (R1–22–1.) While this finding that the operation was otherwise extensive may or may not have been correct, as a matter of law it was insufficient to justify imposition of the upward adjustment under section 3B1.1(a).

---

1. Our characterization of Yates's relationship with Lundy as merely that of a seller with his buyer is not intended to suggest that there was an insufficient factual basis to support Yates's plea that he engaged in a conspiracy to distribute the drugs as required by Rule 11(f) of the Federal Rules of Criminal Procedure. *Cf., e.g., United States v. Bascaro*, 742 F.2d 1335, 1359 (11th Cir.1984), *cert. denied*, 472 U.S. 1017, 1021, 105 S.Ct. 3476, 3488, 87 L.Ed.2d 613 (1985); *United States v. Hughes*, 817 F.2d 268, 273 (5th Cir.), *cert. denied*, 484 U.S. 857, 108 S.Ct. 166, 98 L.Ed.2d 120 (1987); *United States v. Apollo*, 476 F.2d 156, 161–62 (5th Cir.1973), *overruled on other grounds, United States v. James*, 590 F.2d 575 (5th Cir.1979) (en banc); *United States v. Koch*, 113 F.2d 982, 983 (2nd Cir.1940). Even if the record on appeal contained a transcript of the district court's plea proceedings as required by Rule 11(g), which it does not, resolution of this appeal would not require us to review the accuracy of the plea. *See generally, e.g., Stinson v. United States*, 316 F.2d 554, 555 (5th Cir.1963) (holding that habeas corpus relief under 28 U.S.C. § 2255 is proper if uncontradicted evidence demonstrates that the defendant's acts do not constitute the crime charged); *cf. Clicque v. United States*, 514 F.2d 923, 929–30 (5th Cir.1975) (opinion of Goldberg, J.).

### III. CONCLUSION

Yates's offense level should not have been enhanced under section 3B1.1(a). Accordingly, we vacate his sentence and remand this case for resentencing.

VACATED and REMANDED.