*791 COX, Circuit Judge,
concurring in part and dissenting in part:
I concur in the court’s opinion with the exception of its holding that the district court erred in enhancing Torres-Tomayo’s sentence based on his role in the offense. The district court enhanced Torres-Tomayo’s sentence two levels because it concluded that Torres-Tomayo was “an organizer, leader, manager, or supervisor.” U.S.S.G. § 3Bl.l(c) (Nov. 1993). Vacating the sentence, the court concludes that “[t]here was absolutely no evidence that he supervised or controlled anyone, or that he exercised management responsibility over the property, assets, or activities of the criminal organization.” I disagree. The record supports the sentence enhancement.
We review the district court’s findings with respect to a defendant’s role in the offense for clear error, United States v. Young, 39 F.3d 1561, 1568 (11th Cir.1994), and the government need prove the defendant’s role only by a preponderance of the evidence. United States v. Yates, 990 F.2d 1179, 1182 (11th Cir.1993). Adherence to the proper standard of review and burden of proof requires us to affirm Torres-Tomayo’s sentence. The evidence reveals that Torres-Tomayo was to purchase one-half of the shipment of cocaine, (R. 21 at 25-32), was the financier of the transportation fee that had to be paid to obtain delivery of the cocaine (id.), and supplied the driver of the truck used to take delivery of the drugs, (R. 17 at 188-90). The district court did not clearly err in concluding from this evidence that Torres-Tomayo was more than a “mere buyer,” as the court describes him on this appeal. This evidence supports a finding that Torres-Tomayo was involved in “the recruitment of accomplices, claimed right to a larger share of the fruits of the crime,” U.S.S.G. § 3B1.1, comment, (n. 4), and “exercised management responsibility over the property, assets, or activities of a criminal organization,” U.S.S.G. § 3B1.1, comment, (n. 2).