[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15257
Non-Argument Calendar
_____

D. C. Docket No. 04-00536-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESILIO RIVERA,
a.k.a. Roberto,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 4, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Cesilio Rivera, though counsel, appeals his 188-month sentence for

conspiracy to possess with the intent to distribute methamphetamine, in violation

of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii).  The district court calculated

Rivera's advisory Guidelines range as 188 to 235 months.  On appeal, Rivera

argues that the district court clearly erred in assessing a two-level increase in his

offense level for an aggravating role in the offense, pursuant to U.S.S.G. §

3B1.1(c).  After review, we affirm Rivera's 188-month sentence.

**A. Role Enhancement**

Section 3B1.1 of the Sentencing Guidelines allows the sentencing court to

increase a defendant's offense level by two, three or four levels as follows:

> (a) If the defendant was an organizer or leader of a criminal activity
> that involved five or more participants or was otherwise extensive,
> increase by 4 levels.
>
> (b) If the defendant was a manager or supervisor (but not an organizer
> or leader) and the criminal activity involved five or more participants
> or was otherwise extensive, increase by 3 levels.
>
> (c) If the defendant was an organizer, leader, manager, or supervisor
> in any criminal activity other than described in (a) or (b), increase by
> 2 levels.

U.S.S.G. § 3B1.1.[1]  "Section 3B1.1 requires the exercise of some authority in the

_____

[1] Rivera was sentenced on September 1, 2005, and after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).  We review the district court's application of the Guidelines under the same standards as we did pre-Booker, namely, that the district court's interpretation of the Guidelines is reviewed de novo and factual findings are reviewed for clear error.  United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).  We first determine, utilizing pre-Booker precedent, whether the district court correctly interpreted and applied the Guidelines to determine

organization, the exertion of some degree of control, influence, or leadership."

United States v. Yates, 990 F.2d 1179, 1182 (11th Cir. 1993). The four-level

enhancement in § 3B1.1(a) also requires criminal activity that involved five or

more participants or was otherwise extensive. U.S.S.G. § 3B1.1(a). However, "the

assertion of control or influence over only one individual is enough to support a

§ 3B1.1(c) enhancement." United States v. Jiminez, 224 F.3d 1243, 1251 (11th

Cir. 2000). In assessing a defendant's role in the offense, the factors the courts

should consider include:

> [1] the exercise of decision making authority, [2] the nature of
> participation in the commission of the offense, [3] the recruitment of
> accomplices, [4] the claimed right to a larger share of the fruits of the
> crime, [5] the degree of participation in planning or organizing the
> offense, [6] the nature and scope of the illegal activity, and [7] the
> degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 cmt. n.4.

## B. Rivera's Enhancement

Here, the district court did not clearly err in enhancing Rivera's sentence by

two levels for his aggravated role in the offense. Through the testimony of an

undercover agent, the government demonstrated that Rivera (1) negotiated the

price of a pound of methamphetamine from $11,000 to $12,500; (2) negotiated the

---

the appropriate advisory Guidelines range. See id. at 1178. On appeal, Rivera argues only about the role enhancement and does not raise a reasonableness issue.

terms of another sale, including allowing the agent to take the drugs to New York and pay later; and (3) gave direction to a subordinate in the presence of the agent. Further, on one occasion, the undercover agent attempted to negotiate prices with the same subordinate, who told the agent to call Rivera directly. In short, Rivera exercised decision-making authority, was the main participant in the commission of the offense, had a large, if not exclusive, role in planning or organizing the offense, and appeared to control a subordinate's activities. Thus, there is no reversible error in the role enhancement in this case.

**AFFIRMED.**