[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10619
Non-Argument Calendar

_____

D. C. Docket No. 05-00005-CR-FTM-33-SPC-0

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS HATUEY PENALVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 15, 2006)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Luis Hatuey Penalver appeals his 135-month sentence, imposed after he pled guilty to conspiracy to possess with intent to distribute more than 1000 marijuana plants, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vii), and possession with intent to distribute more than 1000 marijuana plants, 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii). On appeal, Penalver argues that the district court erred in applying a four-level aggravating-role enhancement, pursuant to U.S.S.G. § 3B1.1(a), because he was not an organizer or leader of the conspiracy.

The parties are familiar with the background facts, and we do not recount them here. "A district court's upward adjustment of a defendant's Guidelines offense level due to his status as a leader or organizer under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." *United States v. Phillips*, 287 F.3d 1053, 1055 (11th Cir. 2002). "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003).

Under the Guidelines, a four-level increase is applied to the defendant's offense level if he or she "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). In making the aggravating-role determination, the district court should consider several factors, including "the exercise of decision making authority, the

2

nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1 cmt. n.4. "There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." *Id*. An enhancement under § 3B1.1 "requires the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership." *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993).

After carefully reviewing the record, the sentencing transcript, and the parties' briefs, we conclude the district court had ample evidence to support its finding that Penalver was an organizer or leader of a criminal activity involving five or more participants. We accordingly hold the district court did not clearly err in applying a four-level aggravating-role enhancement, pursuant to § 3B1.1(a), and we affirm Penalver's 135-month sentence.

**AFFIRMED.**