[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12033
Non-Argument Calendar

_____

D. C. Docket No. 05-80161-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL TURTURRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 15, 2007)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Paul Turturro pleaded guilty to one count of conspiring with his wife and

others to defraud the United States by filing fraudulent federal income tax returns and receiving refunds therefor, in violation of 18 U.S.C. § 286. Faced with a sentencing guideline range of 46 to 57 months, the district court sentenced Turturro to serve 48 months in prison. Turturro appeals only his sentence.

While serving a term of imprisonment on a state-law manslaughter charge, Turturro devised a scheme to prepare fraudulent tax returns for fellow inmates using information from bankrupt corporations. Turturro mailed the names and social security numbers to his wife, who prepared the returns, mailed them to the IRS, and received and cashed the refund checks. Turturro instructed his wife where to send the refund money after it arrived and how to look for bankrupt companies to use on the W-2 forms. When his wife withdrew from the scheme, Turturro recruited another woman to prepare the returns in her place.

Turturro argues on appeal that the district court erred when it (1) increased his offense level by four levels after concluding that Turturro was an "organizer or leader" of the fraudulent scheme under U.S.S.G. § 3B1.1(a); and (2) ordered Turturro's federal sentence to run consecutively to his undischarged state sentence. After review, we affirm Turturro's sentence.

First, Turturro argues that the district court erred by treating him as an organizer or leader of the fraudulent refund scheme. Turturro says the district

2

court's factual finding on this issue was erroneous because he was simply a middle man, a mere conduit for information that flowed between his fellow inmates and his wife. We review for clear error a district court's decision to enhance a defendant's offense level based on a leadership role in the criminal offense. See United States v. Phillips, 287 F.3d 1053, 1055 (11th Cir. 2002). "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." United States v. Yeager, 331 F.3d 1216, 1226 (11th Cir. 2003).

The sentencing guideline relevant to Turturro permits a court to "increase by 4 levels" a defendant's offense level if the defendant "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). According to Application Note 4, courts should consider the following factors in determining whether a defendant was an organizer or leader:

> [T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4). To qualify for the 4-level increase, the defendant must have been the organizer or leader of a criminal activity that

3

involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(a). A "participant" is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, comment. (n.1). An enhancement under § 3B1.1 "requires the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership." United States v. Yates, 990 F.2d 1179, 1182 (11th Cir. 1993).

The district court did not clearly err in applying the 4-level enhancement based on Turturro's conduct. Ample evidence supported the court's factual finding that Turturro was an organizer or leader of the fraudulent refund scheme. The 4-level enhancement was warranted because the scheme involved five or more participants, and because Turturro (1) exercised decision making authority over the details of the scheme, (2) recruited the accomplices, (3) played an integral role in the success of the scheme, (4) planned and organized the particulars of scheme, and (5) exercised control and authority over his wife.

Second, Turturro argues that the district court abused its discretion when, pursuant to U.S.S.G. § 5G1.3, it ordered his federal sentence to run consecutively to his undischarged state sentence. Turturro says that the imposition of a consecutive sentence unjustly prejudiced him and created an unreasonably and extraordinarily long period of incarceration. We review de novo the district court's

4

application of § 5G1.3.  See United States v. Bidwell, 393 F.3d 1206, 1208-09

(11th Cir. 2004).

"Multiple terms of imprisonment imposed at different times run

consecutively unless the court orders that the terms are to run concurrently."

18 U.S.C. § 3584(a).  In determining whether the sentence to be imposed should

run concurrently or consecutively to an earlier-imposed sentence, the district court

must consider the factors set forth in 18 U.S.C. § 3553(a).  See 18 U.S.C.

§ 3584(b).  Those factors include "the nature and circumstances of the offense and

the history and characteristics of the defendant," the kinds of sentence and the

applicable sentencing range, and any pertinent policy statements issued by the

Sentencing Commission.  See 18 U.S.C. §§ 3553(a)(1), (4), (5).

The sentencing guideline applicable to Turturro, which the district court

correctly relied upon in ordering that Turturro's sentence run consecutively to his

state sentence, provides in relevant part as follows:

> If the instant offense was committed while the defendant was serving
> a term of imprisonment . . . the sentence for the instant offense shall
> be imposed to run consecutively to the undischarged term of
> imprisonment.

U.S.S.G. § 5G1.3(a).  Application Note 1 echoes the substantive guideline

provision, reiterating that "[u]nder subsection (a), the court shall impose a

consecutive sentence when the instant offense was committed while the defendant

5

was serving an undischarged term of imprisonment." Id., comment. (n.1).

The Policy Statement in § 5G1.3(c) provides that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c) (emphasis added).

The district court did not err when it ordered that Turturro's federal sentence run consecutively to his undischarged, state-imposed manslaughter sentence. The court considered the § 3553(a) factors, and it applied the guidelines in an advisory scheme. The court appropriately imposed a consecutive sentence because Turturro committed the instant offense while he was serving an undischarged term of imprisonment.

Upon careful review of the record and upon consideration of the parties' briefs, we find no reversible error. We accordingly affirm Turturro's 48-month sentence.

**AFFIRMED.**