[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11164
Non-Argument Calendar

_____

D. C. Docket No. 05-20818-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS JERRY,
a.k.a. Jamar Alonzo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 21, 2008)**

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Thomas Jerry appeals his sentence of 19 months' imprisonment, imposed after he pled guilty to one count of possession with intent to distribute at least one gram of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Jerry argues that his role in the drug trafficking operation was merely that of a middleman and, thus, is insufficient to support a three-level aggravating-role enhancement pursuant to U.S.S.G. § 3B1.1(b). He asserts that, at best, the evidence supported that he was a co-conspirator eligible for a one or two-level enhancement, but did not demonstrate that he exercised control or influence over the distribution of the drugs or the collection of the drug proceeds. For the reasons set forth more fully below, we affirm.

We review the district court's application of the Guidelines de novo and its factual findings for clear error. United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005). "A district court's upward adjustment of a defendant's Guidelines offense level . . . under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." United States v. Phillips, 287 F.3d 1053, 1055 (11th Cir. 2002).

The Sentencing Guidelines provide for an increase in the offense level based on the defendant's role in the offense. U.S.S.G. § 3B1.1. A three-level increase is applied if the defendant "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was

2

otherwise extensive." U.S.S.G. § 3B1.1(b).  In making the aggravating role

determination, the district court should consider several factors, including

> the exercise of decision making authority, the nature of participation
> in the commission of the offense, the recruitment of accomplices, the
> claimed right to a larger share of the fruits of the crime, the degree of
> participation in planning or organizing the offense, the nature and
> scope of the illegal activity, and the degree of control and authority
> exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4).  "The government bears the burden of proving

by a preponderance of the evidence that the defendant had an aggravating role in

the offense."  United States v. Yeager, 331 F.3d 1216, 1226 (11th Cir. 2003).

A defendant's status as a middleman or distributor is insufficient to support

a managerial role enhancement.  United States v. Yates, 990 F.2d 1179, 1182

(11th Cir. 1993).  Rather, the government must establish that the defendant

exercised "authority in the organization that perpetrates the criminal conduct, the

exertion of control, or leadership."  United States v. Alred, 144 F.3d 1405, 1422

(11th Cir. 1998).

Here, the testimony presented at sentencing established that Jerry was more

than a middleman in the drug-trafficking operation, which involved at least five

participants, including himself, codefendants Taurus Geter, Dominick Jagne,

Derrick Glen, Travis Smith, and a man known by the name of "Jit."  The record

indicates that Jerry met with a confidential informant ("CI") and instructed the CI

3

to retrieve "bombs" of heroin from codefendant Jagne, and to sell those drugs at a specific street corner in Miami's Overtown neighborhood. In addition to assigning specific locations for each seller, Jerry also facilitated the distribution of the drugs to the sellers from a central apartment. Further, Jerry collected the drug proceeds from the CI after the sales were completed and passed the money on to codefendant Geter. Accordingly, the district court did not clearly err in determining that the government established, by a preponderance of the evidence, that Jerry was a manager or supervisor within the meaning of U.S.S.G. § 3B1.1(b).

In light of the foregoing, Jerry's sentence is

**AFFIRMED.**