[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11452
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00062-CR-01-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM STEARNS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 30, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

William Stearns appeals his convictions and 60-month sentences for health care fraud and money laundering, 18 U.S.C. §§ 1347, 1957. Stearns asserts (1) the district court erred in allowing a deliberate ignorance jury instruction, (2) the district court clearly erred in enhancing Stearns' sentences based on his role in the offense and (3) Stearns' sentences were not reasonable. Stearns was an independent chiropractor who formed Comprehensive Care Medical Group with Steven Levine and Chris Topel. Stearns, Levine, and Topel submitted materially false and misleading bills to insurance companies for procedures not covered by insurance. Levine and Topel both entered into plea agreements with the Government. After review, we affirm Stearns' convictions and sentences.

## I. JURY INSTRUCTION

Stearns asserts the district court's error was not harmless because (1) the government's theory was that he had actual knowledge the billing practices were fraudulent; (2) the evidence supporting actual knowledge was not overwhelming; and (3) the Government presented no evidence showing conscious avoidance of the truth.[1]

---

[1]We apply a deferential standard of review to a district court's jury instructions. *United States v. Puche*, 350 F.3d 1137, 1148 (11th Cir. 2003). Considering the jury charge as a whole, we will reverse only if we are "left with a substantial and eradicable doubt as to whether the jury was properly guided in its deliberations." *Id.* (quotation omitted).

Deliberate ignorance instructions should be given only where the facts "point in the direction of deliberate ignorance." *United States v. Rivera*, 944 F.2d 1563, 1571 (11th Cir. 1991). Namely, the instruction is warranted where "the facts support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." *Id*. Moreover, "where the evidence supports both actual knowledge and deliberate ignorance, the instruction is properly given." *United States v. Arias*, 984 F.2d 1139, 1143 (11th Cir. 1993) (quotation omitted).

The record sufficiently indicates support for the inference of actual knowledge or deliberate ignorance. Specifically, there was testimony (1) Levine learned the proper insurance coding at a conference, but he, Topel and Stearns decided not to change it because the insurance would not cover it, (2) another doctor told Topel the coding was improper and possibly fraudulent, and (3) Levine, Topel, and Stearns asked their attorney for advice on coding without informing him of the new insurance code for the procedure. A jury could have inferred either Stearns knew the billing was fraudulent, or he suspected as much but made an effort to avoid learning the truth. Accordingly, the district court did not err in

instructing the jury on deliberate ignorance because the evidence at trial supported both actual knowledge and deliberate ignorance.

## II. ROLE IN THE OFFENSE

Stearns contends the district court clearly erred in imposing a two-level enhancement for his managerial role in the offense because neither Levine nor Topel received such an enhancement, even though their roles in the offense were more serious than his. Stearns contends Levine and Topel (1) were involved in the scheme for years before he became involved; (2) both profited more than he did; and (3) were managing and directing others. Stearns also asserts the Government failed to prove by a preponderance he was an organizer, leader, manager, or supervisor of any criminal activity.[2]

According to U.S.S.G. § 3B1.1(c), a two-level enhancement is appropriate where "the defendant was an organizer, leader, manager, or supervisor in any criminal activity." U.S.S.G. § 3B1.1(c). "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." *Id.* n.1.

---

[2]"A defendant's role as an organizer or leader is a factual finding that we review for clear error." *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005). The government must prove the existence of an aggravating role by a preponderance of the evidence. *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993).

The district court did not clearly err in enhancing Stearns' sentence for his role in the offense. Testimony at trial showed Stearns was directly in charge of billing, directed the office manager to refer to the procedure by a false name and independently directed the use of a surgical code for another non-surgical procedure. The billing manager said she knew she had to stop using the correct name because insurance companies would not cover it. The district court did not clearly err in enhancing Stearns's sentences based on his role in the offense because the record showed he supervised another participant.

## III. REASONABLENESS

Stearns asserts his 60-month sentences were unreasonable when compared to Levine's and Topel's sentences. Stearns claims his sentences should not have been significantly longer than his codefendants because (1) he was neither the leader nor organizer of the offense; and (2) he did not recruit anyone, was the last one to join the scheme, participated in the criminal conduct for a much shorter period than Topel and Levine, and received less money than his partners. Accordingly, he argues the district court failed to give enough weight to the extreme disparity between his sentences and those of his business partners.[3]

---

[3]We review the final sentence imposed by the district court for reasonableness. *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007). The Supreme Court has clarified the reasonableness standard means review of sentences for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

"[D]isparity between sentences imposed on codefendants is generally not an appropriate basis for relief on appeal" because "to adjust the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case will simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases." *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001) (quotations omitted). Similarly, "defendants who cooperate with the government and enter a written plea agreement are not similarly situated to a defendant who provides no assistance to the government and proceeds to trial." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009).

Stearns' sentences were reasonable. The record shows the district court properly calculated the advisory Guidelines range and then considered the Guidelines range, the arguments of the parties, and the § 3553(a) factors. As Levine and Topel both cooperated with the Government and entered into plea agreements, they are not similarly situated with Stearns. Stearns' argument his sentence was disproportionate to Levine's and Topel's does not show it was substantively unreasonable. Accordingly, we affirm Stearns' sentences.

**AFFIRMED.**