[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10434
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cr-00002-SJ-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO BARAS GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 31, 2013)

Before TJOFLAT, PRYOR, and JORDAN, Circuit Judges:

PER CURIAM:

Mario Gonzalez appeals the 41-month sentence imposed by the district court

after he pled guilty to conspiring to transport stolen goods, in violation of 18

U.S.C. § 371, and aiding and abetting the transportation of stolen goods in

violation of 18 U.S.C. §§ 2314 and 2.  Mr. Gonzalez challenges the district court's decision to apply a three-level role enhancement under U.S.S.G. § 3B1.1(b) based on a finding that he was a "manager or supervisor" in the conspiracy.  After reviewing the parties' briefs and the record, we affirm.

## I

A company identifying itself as "LaRolle Transport, Inc." responded to a solicitation posted on the Internet by a shipment broker to pick up approximately 129,000 pounds of copper wire from Georgia, valued at $457,114.60, and deliver it to Indiana.  At the direction of Henry and Jacinto Diaz, three men—Mr. Gonzalez, Anthony Foubelo, and Jesus Ramirez—each driving a separate truck and purporting to represent LaRolle Transport, picked up the copper wire and transported it to Miami, Florida, instead of its intended destination.  According to the Probation Office, Mr. Gonzalez "directed the actions of Foubelo and Ramirez and was a manager and/or supervisor within the conspiracy."  Presentence Investigation Report ¶ 21.  Mr. Gonzalez objected to the proposed aggravating role enhancement and the district court heard relevant testimony at a joint sentencing hearing.

## II

The Sentencing Guidelines authorize a three-level enhancement if "the defendant was a manager or supervisor (but not an organizer or leader) and the

2

criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). The government must prove the existence of a leadership role by a preponderance of the evidence. *See United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993). We review a district court's role determination for clear error. *See United States v. Barrington*, 648 F.3d 1178, 1200 (11th Cir. 2011); *United States v. Jennings*, 599 F.3d 1241, 1253 (11th Cir. 2010).

To qualify for this enhancement, the defendant "must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1, cmt. n.2.[1] There "must be evidence that the defendant exerted some control, influence or decision-making authority over another participant in the criminal activity." *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009). In determining the defendant's role, "factors the court should consider include (1) the exercise of decision making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, cmt. n.4 (enumeration added). There is no requirement that all

---

[1] The commentary in the Sentencing Guidelines is authoritative, unless it is plainly erroneous, inconsistent with the provision it interprets, or contrary to the Constitution or federal law. *See Stinson v. United States*, 508 U.S. 36, 45 (1993); *United States v. Torrealba*, 339 F.3d 1238, 1242 (11th Cir. 2003).

of the considerations have to be present in any one case. *See Martinez*, 584 F.3d at 1026.

Mr. Gonzalez does not dispute that his criminal activity involved five or more participants or was otherwise extensive. Rather, he asserts that the district court clearly erred in applying the three-level enhancement because the government failed to meet its burden to show that he exercised control, influence, or decision-making authority over his co-defendants. We disagree.

At the sentencing hearing, Mr. Foubelo testified about Mr. Gonzalez's role in the conspiracy to transport stolen goods. Mr. Foubelo stated that he had received instructions from Jacinto "Pachi" Diaz that Mr. Gonzalez was in charge; "[Mr. Diaz] just told me to follow [Mr. Gonzalez's] instructions and that I should do whatever he told me." Transcript of Sentencing Proceedings at 22 [D.E. 133]. *See also id.* at 26 ("[Mr. Diaz] said we should follow all the instructions that [Mr. Gonzalez] gave us, that he was very experienced in this sort of thing."). Mr. Diaz also told Mr. Foubelo to obtain cash from Mr. Gonzalez to purchase gasoline when refueling the trucks. Mr. Foubelo was not privy to the shipment pick-up address; Mr. Gonzalez knew the address and Messrs. Foubelo and Ramirez were instructed to follow Mr. Gonzalez en route to Georgia. They spoke to Mr. Gonzalez via radio during the trip, "as we were new at this, [Mr. Gonzalez] was trying to keep us relaxed so we wouldn't get frightened." *Id.* at 26. In addition, Mr. Gonzalez

4

possessed the fake magnetic signs which were placed on the sides of all of the trucks during the theft, and taught Mr. Foubelo how to affix them.  Mr. Foubelo also stated that "[Mr. Gonzalez] told us to do exactly the same as he was doing." *Id.* at 76.

The district court credited Mr. Foubelo's testimony regarding Mr. Gonzalez's role in the conspiracy, and found that Mr. Gonzalez directed Messrs. Foubelo and Ramirez.  We find no clear error in this finding.

Mr. Gonzalez also contends that he was merely carrying out the instructions of the Diazes as a member of a team and not as a manager or supervisor.  We have held, however, that a defendant's subordinate role to another conspirator does not necessarily absolve him of a supervisory role.  *See United States v. Jones*, 933 F.2d 1541, 1546-47 (11th Cir. 1991).  *Cf.* U.S.S.G. § 3B1.1, cmt. n. 4 ("There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.").  Here, Mr. Gonzalez had the authority to make decisions in choosing the route to drive while other drivers followed him and directed the actions of others so that the operation would be successful.

## III

The district court did not clearly err in finding that Mr. Gonzalez was a manager or supervisor under § 3B1.1(b).

**AFFIRMED.**

5