[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14250
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20070-PAS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELVIS BERMUDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 5, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Delvis Bermudez appeals his total 75-month sentence after pleading guilty to (1) conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2); (2) possession of access device making equipment, in violation of 18 U.S.C. § 1029(a)(4); and (3) six counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  Bermudez was involved in a conspiracy to skim credit card numbers and transfer them to fraudulent credit cards, which he then used to make purchases for himself.  He admitted to recruiting his girlfriend, Maite Hernandez, and to providing skimming devices to Sergio Diego, Hernandez's brother, among other individuals.  He further admitted that, after the skimming devices had captured credit card numbers, he would download those numbers onto his computer.  He also installed skimming software onto one of Diego's computers, though no numbers were later found on that computer.  In addition, he admitted that Diego and Hernandez worked at his behest.  There were 180 victims, consisting of 163 individuals and 17 financial institutions, and the district court held him responsible for the actual loss amount of $124,000.  The district court also applied a leadership role enhancement pursuant to U.S.S.G. § 3B1.1(a).

On appeal, Bermudez argues that the district court committed two errors. First, he asserts that the district court erred in applying the leadership role enhancement.  Second, he argues that the court erred in determining the loss

2

amount as the loss amount was only $81,500.  After careful review, we affirm Bermudez's sentence.

## I.    Leadership Role Enhancement

We review the district court's decision to apply a leadership role enhancement for clear error.  *United States v. Barrington*, 648 F.3d 1178, 1200 (11th Cir. 2011), *cert. denied*, __ U.S. __, 132 S. Ct. 1066 (2012).  Under this standard, we do not reverse unless left with a "definite and firm conviction that a mistake has been committed."  *United States v. Poirier*, 321 F.3d 1024, 1035 (11th Cir. 2003) (quoting *Coggin v. Commissioner*, 71 F.3d 855, 860 (11th Cir. 1996)).  Facts contained in a presentence investigation report ("PSI") are deemed admitted and may be used to support a guideline enhancement unless a defendant objects to the facts before the sentencing court.  *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009).

The government must prove the existence of an aggravating role by a preponderance of the evidence.  *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993).  Section 3B1.1 of the Sentencing Guidelines provides for a four-level aggravating role enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(a).  Factors that should be considered in determining if a defendant was an organizer or leader include

3

the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*Id.* § 3B1.1, comment. (n.4).

The district court did not clearly err in applying a leadership role enhancement. Because Bermudez asserted at sentencing that the PSI did not contain any factual inaccuracies, the facts contained in the PSI are deemed admitted. Bermudez exercised decision making authority as Hernandez and Diego worked at the behest of Bermudez. Bermudez recruited Hernandez, used the stolen credit cards to fund his lifestyle, provided skimming devices to Diego, and used his own computer to retrieve the numbers from the skimming devices. Based on these facts and others contained in the PSI, the court did not clearly err in determining that Bermudez was an organizer or leader under § 3B1.1(a).

## II.    Loss Determination

We review the district court's loss determination for clear error. *United States v. Woodard*, 459 F.3d 1078, 1087 (11th Cir. 2006). For offenses involving fraud, the Guidelines provide for an increase to a defendant's offense level depending on the amount of loss that resulted from the fraud. U.S.S.G. § 2B1.1(b)(1). The offense level is increased by ten levels when the amount of loss is greater than $120,000, but less than $200,000. *Id.* § 2B1.1(b)(1)(F), (G).

4

"When calculating loss for sentencing purposes, the district court looks to the 'greater of actual loss or intended loss.'" *United States v. Willis*, 560 F.3d 1246, 1250 (11th Cir. 2009) (quoting U.S.S.G. § 2B1.1, comment. (n.3(A))).  When a case involves counterfeit credit cards, the "loss includes any unauthorized charges made with the counterfeit access device or unauthorized access device and shall be not less than $500 per access device."  U.S.S.G. § 2B1.1, comment. (n.3(F)(i)).

Bermudez argues that the loss amount should be $500 times the number of compromised accounts, and therefore that the evidence only establishes a loss amount of $81,500.  We disagree.  Under the Guidelines, the loss amount is the actual amount charged to the counterfeit cards, which could be over $500.  Only if the actual amount charged to a card is less than $500 does the court increase the loss amount to $500 for that card.  The PSI indicated—and Bermudez admitted— that the actual loss on many of the credit cards was greater than $500.  Accordingly, the court correctly found that the loss amount would have been at least the actual amount charged to the cards.

### III.    Conclusion

Based on a thorough review of the record on appeal, and after consideration of the parties' briefs, we affirm Bermudez's sentence.

AFFIRMED.