[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15959
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-14042-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


EDWARD WILLIAM MCELHENNY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 11, 2014)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Edward William McElhenny appeals the 240-month sentence imposed following his guilty plea to conspiracy to manufacture, and maintaining a premises to manufacture methamphetamine.  On appeal, he challenges the application of an aggravating-role enhancement under U.S.S.G. § 3B1.1.  After a thorough review, we affirm.

McElhenny was charged by superseding information with conspiracy to manufacture and possess with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (Count 1), and maintaining a premises for manufacturing, distributing, and using methamphetamine, in violation of 21 U.S.C. § 856(a)(1) (Count 2).  He pleaded guilty to both counts and submitted a factual proffer in which he admitted that he lived in the premises with four others, that he used the house to manufacture methamphetamine, that he had advised another resident how to manufacture the drug, and that he purchased pseudoephedrine to manufacture drugs.  He further admitted that he used the other residents to supply him with pseudoephedrine.

In the presentence investigation report (PSI), the probation officer determined the offense level to be 35, which included a four-level enhancement under U.S.S.G. § 3B1.1(a) for McElhenny's leadership role in the offense.  Based on this offense level and McElhenny's extensive criminal history, McElhenny's guidelines range was 292 to 365 months' imprisonment.  In his only objection to

the PSI, McElhenny disputed that he was a leader or organizer under § 3B1.1(a) because, if he was the leader or organizer, he could not be counted as a "participant," and thus the offense did not involve the necessary five participants to support the enhancement. McElhenny also requested that the court sentence him below the advisory guideline range because his criminal history category over-represented the seriousness of his criminal history. He explained that he had no prior violent offenses and no weapons charges, and that his prior crimes were for drug possession or thefts enabling him to feed his drug addiction.

At sentencing, the district court overruled McElhenny's objection because precedent clearly held that the defendant could be counted as a participant under § 3B1.1(a). The court considered McElhenny's request for a variance and sentenced him to 240 months' imprisonment, noting McElhenny's history of drug addiction, his prior convictions for drug possession and theft, and the need for a lengthy prison term to deter McElhenny's conduct. McElhenny now appeals, arguing that the evidence did not support the leadership enhancement under § 3B1.1(a).

Generally, we review the district court's determination of a defendant's role in the offense for clear error, and review *de novo* whether a provision of the Sentencing Guidelines applies to a particular set of facts. *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993). But arguments, such as McElhenny's, that were not raised before the district court are reviewed for plain error. *United States*

*v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010).  Plain error occurs when there is (1) an "error"; (2) "that is plain"; (3) "that affects substantial rights"; and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations omitted).

Under § 3B1.1(a), a four-level enhancement applies if (1) the defendant was an organizer or leader of a criminal activity; and (2) the criminal activity involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(a).  Factors to consider in determining whether the defendant was an organizer or manager include: (1) "the exercise of decision making authority," (2) "the nature of participation in the commission of the offense," (3) "the recruitment of accomplices," (4) "the claimed right to a larger share of the fruits of the crime," (5) "the degree of participation in planning or organizing the offense," (6) "the nature and scope of the illegal activity," and (7) "the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment. (n.4).  "There is no requirement that all of the considerations have to be presented in any one case." *United States v. Caraballo*, 595 F.3d 1214, 1231 (11th Cir. 2010) (citation omitted).

Evidence that the defendant recruited and instructed participants in the conspiracy is sufficient to support a leadership enhancement.  *United States v. Ndiaye*, 434 F.3d 1270, 1304 (11th Cir. 2006).  "Section 3B1.1 requires the

exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership." *Id.* (citation omitted). And the enhancement can apply where the defendant was an organizer, leader, manager, or supervisor of only one other participant. U.S.S.G. § 3B1.1, comment. (n.2).

We conclude that the district court did not plainly err in applying the enhancement.[1] In his factual proffer for his guilty plea and the undisputed portions of the PSI, McElhenny admitted that he advised others in the house on how to manufacture methamphetamine, he directed others when and where to purchase pseudoephedrine for him, and he supplied others in the house with methamphetamine. This is sufficient "control, influence, and leadership" under § 3B1.1(a). *See Ndiaye*, 434 F.3d at 1304 (upholding enhancement for defendant who recruited and instructed co-conspirators). Thus, we conclude that the district court properly applied a four-level enhancement for McElhenny's role in the criminal activity.

**AFFIRMED.**

---

[1] McElhenny has abandoned his argument that he could not be counted as one of the five participants. *Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir. 2012) (explaining that issues not raised in the initial brief are abandoned).