[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13877
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00121-BJD-PDB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ESPINOZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 2, 2016)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Espinoza appeals his total sentence of 120 months in prison after pleading guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  On appeal, Espinoza primarily challenges the district court's application of an aggravating-role enhancement, pursuant to United States Sentencing Guidelines Manual ("U.S.S.G") § 3B1.1(c).  He also challenges the length of his statutory minimum sentence.  After careful review, we affirm.

## I.

The presentence investigation report ("PSR") described Espinoza's offense conduct as follows.  Espinoza, in concert with Enrique Munoz and Luis Acosta, conspired to smuggle methamphetamine into the United States from Mexico. Espinoza procured the methamphetamine from a source in Mexico and then provided the drugs to Acosta, who distributed the drugs in small amounts to street-level customers.  On one particular occasion, Espinoza recruited Acosta to make a delivery of one kilogram of methamphetamine to an unknown individual in Atlanta.  In June 2014, Munoz acted as a mule for the drug-trafficking organization at Espinoza's request.  Munoz traveled to California to pick up methamphetamine from Espinoza's Mexican source and bring it back to Florida.  After Munoz was arrested on the drive back to Florida, Espinoza had discussions with the Mexican

source, who told Espinoza that he wanted Munoz's family information so that "they" could "take care of this."

Notably, in calculating his guideline range, the PSR applied a role enhancement, pursuant to U.S.S.G. § 3B1.1(c). The PSR states that "Mr. Espinoza was a leader in this conspiracy to distribute methamphetamine in various locations throughout the United States, and he recruited Luis Acosta and Enrique Munoz to distribute methamphetamine for him." Espinoza objected to the role enhancement, claiming that he was simply an intermediary between his coconspirators and the source of supply, and no evidence showed that he exercised any authority over them. Espinoza did not object to any of the PSR's factual statements.

The district court overruled Espinoza's objection at sentencing and applied the two-level § 3B1.1(c) enhancement. The court found that the evidence "in its totality establishes a sufficient organization and coordinating role" for the role enhancement to apply. With the § 3B1.1(c) enhancement, Espinoza's applicable guideline range was 168 to 210 months in prison. He faced a statutory minimum term of ten years in prison. *See* 21 U.S.C. § 841(b)(1)(A). The government recommended the statutory minimum, which is the sentence the district court ultimately imposed. Espinoza now appeals.

**II.**

3

We review for clear error the district court's application of an aggravating role enhancement under U.S.S.G. § 3B1.1(c). *United States v. Jiminez*, 224 F.3d 1243, 1250-51 (11th Cir. 2000). Clear error occurs when, in light of the entire record, we are left with the definite and firm conviction that a mistake has been committed. *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009). A sentencing court may rely on undisputed statements in the PSR. *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006).

Section 3B1.1(c) provides for a two-level increase "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" that involved fewer than five participants and was not "otherwise extensive" within the meaning of § 3B1.1(a) and (b).[1] U.S.S.G. § 3B1.1(c). The commentary to § 3B1.1 sets forth several factors to assist the sentencing judge's consideration of a defendant's role in the offense, including

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

---

[1] If the criminal activity involved five or more participants or was "otherwise extensive," a defendant receives a four-level increase for being an "organizer or leader," § 3B1.1(a), and a three-level increase for being a "manager or supervisor," § 3B1.1(b).

4

U.S.S.G. § 3B1.1 cmt. n.4.  There is no requirement that all of these factors have to be present.  *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009).  The basic goal of § 3B1.1 is to account for relative responsibility between criminal actors.  *See id.* ("The sentence adjustment was plainly designed to address 'concerns about relative responsibility.'") (quoting U.S.S.G. § 3B1.1 cmt. backg'd).

Although a defendant's status as a middleman or distributor is insufficient to support a role enhancement, *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir.1993), "the assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement," *Jiminez*, 224 F.3d at 1251; *see Martinez*, 584 F.3d at 1026 (for § 3B1.1 to apply, "there must be evidence that the defendant exerted some control, influence or decision-making authority over another participant in the criminal activity").  Evidence that the defendant recruited participants, instructed participants, or wielded decision-making authority is sufficient to support a role enhancement under U.S.S.G. § 3B1.1.  *United States v. Caraballo*, 595 F.3d 1214, 1231-32 (11th Cir. 2010) (addressing § 3B1.1(a)).

Here, the district court did not clearly err in applying a two-level aggravating role adjustment pursuant to § 3B1.1(c).  Undisputed facts in the PSR establish that Espinoza was more than simply a middleman or a distributor, and that he exercised control or influence over at least one other participant in the conspiracy.  *See*

*Jiminez*, 224 F.3d at 1251; *Bennett*, 472 F.3d at 832.  According to the PSR, Espinoza recruited both Acosta and Munoz to do specific actions in furtherance of the conspiracy.  With regard to Munoz in particular, the PSR states that Espinoza "recruited Munoz to act as a mule for the organization."  At Espinoza's request and direction, Munoz traveled to California to pick up methamphetamine from Espinoza's Mexican source.  Then, when Munoz was arrested, the source looked to Espinoza to provide information about Munoz and Munoz's family, suggesting that the source viewed Munoz as Espinoza's subordinate in the conspiracy.  Moreover, Espinoza admits that "Espinoza introduced Munoz to the scheme," though he disputes whether this qualifies as "recruitment."  Based on this evidence, the district court properly applied an aggravating-role enhancement under § 3B1.1(c). *See, e.g.*, *Caraballo*, 595 F.3d at 1231-32.

Espinoza mainly argues that the undisputed facts in the PSR are insufficient to establish any of the seven factors listed in the commentary to § 3B1.1. However, these factors are relevant mainly to distinguish leadership or organizational roles from managerial or supervisory roles.  *See* U.S.S.G. § 3B1.1 cmt. n.4.  But the distinction between leadership roles and management roles, *compare* U.S.S.G. § 3B1.1(a) *with id.* § 3B1.1(b), is "of less significance" when applying § 3B1.1(c), which generally covers "relatively small criminal enterprises" that tend not "to have clearly delineated divisions of responsibility," *id.* § 3B1.1

6

cmt. backg'd.   Moreover, as explained above, the undisputed facts adequately demonstrate that Espinoza was in a position of greater responsibility relative to Munoz at least in the criminal activity, and that Espinoza exercised some degree of control or influence over him.  *See Martinez*, 584 F.3d at 1026.  The district court's decision to apply the § 3B1.1(c) enhancement was not clearly erroneous.

### III.

Espinoza also argues that his sentence was substantively unreasonable because it is significantly higher than both the sentence his codefendants received and the guideline range that would have applied had he been eligible for safety-valve relief.

First, Espinoza is ineligible for the safety valve because the district court properly applied the § 3B1.1(c) role enhancement.  A defendant who was "an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines," is not eligible for the safety valve.  18 U.S.C. § 3553(f); *United States v. Rendon*, 354 F.3d 1320, 1333-34 (11th Cir. 2003).

Second, because Espinoza was ineligible for the safety valve, *see* 18 U.S.C. § 3553(f), and because the government did not file a motion for a sentence reduction based on substantial assistance, *see id.* § 3553(e), the district court lacked any authority to sentence him below the ten-year mandatory minimum term of imprisonment based on the 18 U.S.C. § 3553(a) sentencing factors.  *United States*

7

*v. Castaing-Sosa*, 530 F.3d 1358, 1360-62 (11th Cir. 2008) (holding that the § 3553(a) factors, including a concern for sentencing disparities between coconspirators, "[do] not provide a legal basis for imposing a sentence below the statutory mandatory minimum sentence").

## IV.

In sum, we affirm Espinoza's sentence and the district court's application of an aggravating role enhancement under § 3B1.1(c).

**AFFIRMED.**