[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14192
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00001-CR-1-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KOJO KENYATTA BOSTIC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 1, 2010)

Before DUBINA, Chief Judge, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Kojo Kenyatta Bostic pled guilty to conspiracy to commit bank fraud and to one count of substantive bank fraud, and the district court sentenced him to 87 months' imprisonment. He appeals various sentencing guideline applications. In particular, Bostic argues that the district court's loss-amount determination of approximately $140,500 was erroneous because the court improperly attributed to him relevant conduct relating to the eight dismissed substantive counts of bank fraud. The offense conduct involved Bostic's use of intermediaries to recruit individuals to deposit fraudulent checks and his direction of individuals to withdraw money against these checks and provide him a larger portion of the proceeds. On appeal, Bostic also challenges his role in the offense, and the court's failure to grant him a reduction for acceptance of responsibility.

I.

We review a district court's amount-of-loss determination for clear error. *United States v. Machado*, 333 F.3d 1225, 1227 (11th Cir. 2003). Proper calculation of the Guidelines, and in particular a defendant's offense level, requires consideration of "all relevant conduct," not merely charged conduct. *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006). When a defendant challenges relevant conduct, such as the calculation of loss amount in a fraud case, the government has the burden of establishing the disputed fact by a preponderance of

the evidence and "supporting its loss calculation with reliable and specific evidence." *See United States v. Liss*, 265 F.3d 1220, 1230 (11th Cir. 2001) (internal quotation marks omitted).

The district court's factual findings for purposes of sentencing may be based on, among other things, undisputed statements in the presentence investigation report ("PSI"), or evidence presented during the sentencing hearing. *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). Furthermore, the Guidelines provide that, in determining any sentencing-related factual dispute, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); *see also United States v. Baker*, 432 F.3d 1189, 1254 n.68 (11th Cir. 2005) (concluding that, post-*Booker*, a sentencing court may still rely on "reliable hearsay").

We will not disturb the district judge's credibility finding unless a witness's testimony is unbelievable on its face. *See United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997) (holding that testimony is incredible as a matter of law when it is "unbelievable on its face" and relates to "facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature") (internal quotation marks omitted). Moreover, "[t]he

fact that a witness has consistently lied in the past, engaged in various criminal activities, and thought that his testimony would benefit him does not make his testimony incredible." *United States v. Thompson*, 422 F.3d 1285, 1291 (11th Cir. 2005) (internal quotation marks, alterations and ellipses omitted).

Relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2) (cross-referencing U.S.S.G. § 3D1.2(d)). According to the commentary, offenses constitute a common scheme or plan for purposes of relevant conduct if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." U.S.S.G. § 1B1.3, cmt. n.9(A). Additionally, whether or not charged as a conspiracy, relevant conduct includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). A defendant is accountable under this provision for the conduct of others that was both "(i) in furtherance of the jointly undertaken criminal activity; and (ii) reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3, cmt. n.2.

Under U.S.S.G. § 2B1.1(b)(1), the sentencing court should apply offense level enhancements where a crime resulted in increasing amounts of loss. U.S.S.G.

§ 2B1.1(1). A 10-level enhancement should be applied where the amount of loss is more than $120,000, but not more than $200,000. U.S.S.G. § 2B1.1(b)(1)(F), (G). The amount of loss is the greater of the intended or actual loss. U.S.S.G. § 2B1.1, cmt. n.3(A). "Actual loss" is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense." *Id.*, cmt. n.3(A)(i). "Reasonably foreseeable pecuniary harm" is "harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." *Id.*, cmt. n. 3(A)(iv). "Intended loss" is defined as "the pecuniary harm that was intended to result from the offense," and includes "intended pecuniary harm that would have been impossible or unlikely to occur." *Id.*, cmt. n. 3(A)(ii). The district court need only make a reasonable estimate of the loss. *United States v. Miller*, 188 F.3d 1312, 1317 (11th Cir. 1999); U.S.S.G. § 2B1.1, cmt. n.3(C).

Here, we conclude from the record that the district court's amount-of-loss determination was not clearly erroneous. Based on the evidence presented at sentencing, which Bostic has not demonstrated to be unbelievable on its face or unreliable, the offense conduct to which Bostic pled guilty was similar and related to the dismissed counts of the indictment. Based on the similarities between the evidence underlying the dismissed counts and facts underlying the offense conduct, we conclude that the district court did not clearly err in finding that $140,500 was

5

the approximate total intended loss.  Consequently, the court correctly enhanced Bostic's offense level according to U.S.S.G. § 2B1.1(b).

## II.

We review for clear error a district court's enhancement of a defendant's offense level based on his role as an organizer or leader.  *United States v. Gupta*, 463 F.3d 1182, 1197 (11th Cir. 2006).  "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003).

The Sentencing Guidelines provide that a four-level enhancement may be applied if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(a).  An enhancement under § 3B1.1 "requires the exercise of some authority in the organization, the exertion of some degree of control, *influence*, or leadership." *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993) (emphasis added) (citing *United States v. Brown*, 944 F.2d 1377, 1385 (7th Cir. 1991).  In determining whether a § 3B1.1(a) enhancement applies, the district court should consider: "(1) the exercise of decision-making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of

participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others." *Gupta*, 463 F.3d at 1198 (citing U.S.S.G. § 3B1.1, cmt. n.4). On appeal, we give deference to the district court's application of a § 3B1.1(a) enhancement. *Rendon*, 354 F.3d, 1320, 1332 (11th Cir. 2003).

Here, Bostic does not dispute that the offense conduct involved five or more individuals, and the evidence supports the court's finding in this respect. The evidence also supports the court's finding that Bostic was the leader or organizer in the offense because the evidence demonstrates that he initiated the conspiracy, suggested that intermediaries recruit others, worked to ensure that participants complied with his instructions, and the evidence also shows that he received a larger portion of the profits compared to the other individuals. As a result, we conclude that the district court did not clearly err in applying a four-level enhancement under § 3B1.1.

III.

We review for clear error a district court's factual findings concerning a reduction for acceptance of responsibility. *United States v. Williams*, 408 F.3d 745, 756 (11th Cir. 2005). Under clear error review, we give great deference to the

district court, and its determination should not be overturned unless it is without foundation. *See United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999).

The guidelines provide for a two-level reduction when the defendant clearly demonstrates acceptance of responsibility for his offense. U.S.S.G. § 3E1.1(a). Bostic bears the burden of showing entitlement to a reduction, and he "must present more than just a guilty plea." *Sawyer*, 180 F.3d at 1323. Although a guilty plea is significant evidence of acceptance of responsibility, "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." *United States v. Lewis*, 115 F.3d 1531, 1537 (11th Cir. 1997); *see also* U.S.S.G. § 3E1.1, cmt. n.1 and 3) (stating that a guilty plea is evidence of acceptance of guilt only when that plea is combined with truthfully admitting the conduct comprising the offense of the conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant was accountable under U.S.S.G. § 1B1.3). Appropriate considerations in determining whether a defendant qualifies for the reduction include truthfully admitting the conduct comprising the offense of conviction, the timeliness of the defendant's conduct in accepting responsibility, and assistance to authorities in recovering the fruits of the offense. U.S.S.G. § 3E1.1, cmt. n.1. Adjustment is not warranted where the defendant falsely denies relevant conduct. *Id.*, cmt. n.1(a).

8

Here, we conclude from the record that the district court did not clearly err by denying Bostic a reduction for acceptance, because, although he entered a guilty plea and admitted some relevant conduct, he did not clearly demonstrate acceptance for accountable conduct. On the contrary, Bostic acted in a manner inconsistent with acceptance of responsibility by largely denying other relevant conduct and attempting to diminish his role in the offense. Under these circumstances, we conclude that the district court did not clearly err when it found that Bostic's other conduct outweighed evidence of his guilty plea, and thus, he was not entitled to a reduction for acceptance of responsibility. Accordingly, we affirm Bostic's sentence.

**AFFIRMED.**