**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0697n.06

No. 11-5542

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 29, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| JOSE MEDINA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SUTTON and GRIFFIN, Circuit Judges; HOOD, District Judge.*

PER CURIAM. Jose Medina appeals his 322-month sentence for drug, money-laundering, and firearm offenses, challenging the district court's application of a four-level aggravating role enhancement pursuant to USSG § 3B1.1(a). For the reasons set forth below, we AFFIRM.

Medina pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride and one thousand kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, conspiracy to launder money in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h), and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c). Medina's presentence report recommended a four-level increase in his offense level pursuant to USSG § 3B1.1(a) based on his role as an organizer or leader, noting that Medina led the criminal organization, which involved five or more

_____

*The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

participants, and invested the proceeds of the drug conspiracy into the purchase of more drugs and into Los Arcos, his brother's restaurant and nightclub. Medina objected to the four-level aggravating role enhancement.

At the sentencing hearing, the government presented the testimony of three co-conspirators and a law enforcement officer regarding Medina's role in the drug and money-laundering conspiracies. The district court continued the sentencing hearing to allow Medina to file a sentencing memorandum and motion for a downward variance from the guidelines range. When the sentencing hearing resumed, the district court overruled Medina's objection to the four-level aggravating role enhancement, concluding that the government had demonstrated by a preponderance of the evidence that Medina was an organizer and leader with respect to both the drug and the money-laundering conspiracies. Based on that ruling, the district court calculated Medina's total offense level as 39, which, when combined with his criminal history category of I, yielded a guidelines range of 262 to 327 months. The district court sentenced Medina to a total of 322 months of imprisonment: 262 months for the drug conspiracy and the statutory maximum of 240 months for the money-laundering conspiracy, to be served concurrently, and 60 months for the firearm offense, to be served consecutively.

Medina filed this timely appeal challenging the district court's application of the four-level aggravating role enhancement pursuant to USSG § 3B1.1(a).[1] We have noted that "[t]he standard that governs the review of a sentencing enhancement for a leadership role under U.S.S.G. § 3B1.1 is not altogether clear." *United States v. Vasquez*, 560 F.3d 461, 473 (6th Cir. 2009). "When

---

[1]Medina also challenged the validity of the appellate waiver contained in his plea agreement; the government has expressly declined to contest his ability to appeal his sentence.

reviewing § 3B1.1(a) impositions in the past, we reviewed the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Walls*, 546 F.3d 728, 734 (6th Cir. 2008) (internal quotation marks omitted). However, in *Buford v. United States*, 532 U.S. 59 (2001), "the Supreme Court held that a district court's application of the Guidelines should be reviewed deferentially rather than de novo 'in light of the fact-bound nature of the legal decision.'" *Vasquez*, 560 F.3d at 473 (quoting *Buford*, 532 U.S. at 66). Under either standard, the district court properly applied the four-level enhancement.

The sentencing guidelines provide for a four-level aggravating role enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). "In distinguishing a leadership and organizational role from one of mere management or supervision," the district court should consider the following factors: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." USSG § 3B1.1, comment. (n.4).

Because Medina's base offense level was calculated under USSG § 2S1.1(a), the money-laundering guideline, "application of any Chapter Three adjustment shall be determined based on the offense covered by this guideline (i.e., the laundering of criminally derived funds) and not on the underlying offense from which the laundered funds were derived." USSG § 2S1.1, comment. (n.2(C)). Accordingly, to apply the four-level aggravating role enhancement pursuant to USSG § 3B1.1(a), Medina must have been an organizer or leader with respect to the money-laundering

conspiracy, as opposed to the drug conspiracy. *See United States v. Pass*, 413 F. App'x 832, 835 (6th Cir. 2011).

Medina was charged with and pleaded guilty to conspiring to commit both promotional and concealment money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h). "The paradigmatic example of [promotional money laundering] is a drug dealer using the proceeds of a drug transaction to purchase additional drugs and consummate future sales." *United States v. Warshak*, 631 F.3d 266, 317 (6th Cir. 2010).

According to the plea agreement's stipulations and the testimony presented at the sentencing hearing, Medina recruited Edwin Morales to assist him in selling drugs, taught him how, and made him his "second-in-command." The hearing testimony indicated that Medina directed Morales's activities, provided Morales with clients, and required his permission for Morales to conduct certain drug transactions. Medina purchased large quantities of drugs from his suppliers, which he then provided to Morales and several others (at least six of whom were identified in the plea agreement and the hearing testimony) who sold the drugs and returned the proceeds to Medina. Morales testified that any money that he collected belonged to Medina. Medina used the proceeds from the drug sales to purchase additional drugs for resale. The plea agreement's stipulations and the hearing testimony identified Medina as the leader of this criminal organization. Based on the plea agreement's stipulations and the hearing testimony, the district court properly applied the four-level enhancement with respect to Medina's role as an organizer or leader in the conspiracy to commit promotional money laundering. It is unnecessary for us to address whether Medina acted as an organizer or leader in the conspiracy to commit concealment money laundering by investing drug proceeds in his brother's restaurant and nightclub.

Medina argues that application of USSG § 3B1.1(a) requires more than a defendant leading a single co-conspirator—i.e., Medina leading Morales. Contrary to Medina's argument, a defendant need only organize or lead one of the five or more other participants for the enhancement to apply. USSG § 3B1.1, comment. (n.2); *United States v. Bennett*, 291 F.3d 888, 897-98 (6th Cir. 2002). Medina also contends that a buyer/seller relationship within an "otherwise extensive" organization does not trigger application of USSG § 3B1.1. The cases upon which Medina bases this argument relied upon a lack of control or authority. *See, e.g.*, *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993); *United States v. Brown*, 944 F.2d 1377, 1381 (7th Cir. 1991). Here, there was evidence of Medina's control over Morales, as well as Medina's leadership over the entire organization.

Finally, Medina asserts that the money-laundering conspiracy was not "otherwise extensive." This assertion is baseless.

Section 3B1.1(a) provides for a four-point increase "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." A conspiracy is "otherwise extensive" when "the combination of knowing participants and non-participants in the offense is the functional equivalent of an activity involving five criminally responsible participants." *United States v. Anthony*, 280 F.3d 694, 699 (6th Cir. 2002). In this case, Medina's plea agreement provided that "Hill, Thompson, Cole, and Pineda, among others, picked up drugs, both cocaine and marijuana, from Medina and/or Morales, and delivered money, proceeds from the illegal sale of cocaine and marijuana, back to Medina and/or Morales. . . . Medina used the profits from his illegal drug sales to purchase additional drugs for resale." (RE 296 at 6; Page ID# 1011.) Accordingly, Medina admitted that at least five individuals were involved in the promotional

money-laundering conspiracy to which he pleaded guilty. Thus, the district court did not err in

finding the conspiracy to be "otherwise extensive."

For the foregoing reasons, we AFFIRM Medina's sentence.