[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15144
Non-Argument Calendar
_____

D.C. Docket Nos. 1:10-cr-00043-MP-GRJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT ALEXANDER KRASNOW,

Defendant-Appellant.


_____

No. 11-15147
Non-Argument Calendar
_____

D.C. Docket Nos. 1:10-cr-00044-MP-GRJ-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT ALEXANDER KRASNOW,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(July 19, 2012)

Before DUBINA, Chief Judge, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Appellant Robert Alexander Krasnow appeals his total 20-month sentence imposed after he pleaded guilty in two separate cases to conspiracy to commit bribery, in violation of 18 U.S.C. §§ 371, 666(a); bribery, in violation of 18 U.S.C. § 666(a)(2); conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349; and wire fraud, in violation of 18 U.S.C. § 1343. On appeal, Krasnow argues the court improperly applied the U.S.S.G. § 3B1.1(c) leadership role enhancement to his bribery convictions.

We review the imposition of the § 3B1.1(c) leadership role enhancement for

2

clear error. *United States v. Barrington*, 648 F.3d 1178, 1200 (11th Cir. 2011), *cert denied*, 132 S. Ct. 1066 (2012). We may only reverse for clear error if the district court's account of the evidence is not plausible in light of the record viewed in its entirety. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 1511, 84 L. Ed. 2d 518 (1985). At sentencing, the government bears the burden of proving by a preponderance of the evidence that the defendant played that role in the offense. *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003). The district court may consider any evidence heard during trial, admitted by defendant at his guilty plea, undisputed statements in the PSI, or evidence presented at the sentencing hearing. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).

A party abandons all issues on appeal that he or she does not "plainly and prominently" raise in his or her initial brief. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). An issue which is brought up in the heading to one subsection of a brief, and mentioned in passing throughout, is not plain and prominent. *Id*. Parties cannot raise new issues in reply briefs. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

In cases where a defendant is an "organizer, leader, manager, or supervisor" over one or more co-participants in a criminal activity, a two-level sentencing

3

enhancement applies.  U.S.S.G. § 3B1.1(c); U.S.S.G. § 3B1.1, comment. (n.2).

We have previously held that the act of a defendant sending out someone to collect

debts in his or her behalf is sufficient for the greater four-level § 3B1.1(a)

enhancement.  *See United States v. Villarreal*, 613 F.3d 1344, 1358-59 (11th Cir.

2010).  The § 3B1.1(c) enhancement is warranted for a defendant who negotiated a

sale and who instructed a co-conspirator to commit certain acts, even where the

defendant exercised no decision making authority.  *See United States v. Lozano*,

490 F.3d 1317, 1323 (11th Cir. 2007).  However, this Court has held that the

greater § 3B1.1(a) enhancement is not warranted where the extent of the

defendant's involvement in a drug distribution scheme was that he sold a product

to other criminal actors.  *See United States v. Alred*, 144 F.3d 1405, 1420-22 (11th

Cir. 1998); *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993).

     As an initial matter, we conclude from the record that Krasnow has

abandoned any argument regarding the district court's failure to group all offenses

in imposing the sentence.  Krasnow raises this issue in a paragraph towards the

end of the section of his brief addressing the role enhancement.  He provides no

argument on the issue, only concluding that the district court erred.  This does not

properly raise the issue on appeal.  The issue, while not discussed in any greater

depth, is more prominently displayed in Krasnow's reply brief.  However, this too

4

does not properly raise the issue on appeal.

We conclude from the record that the district court did not clearly err in imposing the two-level leadership role enhancement.  The government pointed to undisputed facts supporting this conclusion at the sentencing hearing. Specifically, Krasnow called Ostolaza to handle domestic disturbance complaints that arose between him and his wife, and he requested Ostolaza discover particular information from the Department of Motor Vehicles about him and his family members.  Accordingly, because the record supports that the government met its burden, we affirm the enhancement and Krasnow's sentence.

**AFFIRMED.**