[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11512
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80034-KAM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL EMMANUEL TORREZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 13, 2015)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Emmanuel Torrez appeals his sentence of 150 months' imprisonment imposed for his involvement in a drug distribution conspiracy. Torrez raises several issues on appeal. He argues that the district court erred in imposing a three-level enhancement based on Torrez's manager/supervisor role in the conspiracy and in denying his request for a "safety valve" reduction on the basis that the role enhancement made him statutorily ineligible for such relief. Torrez also argues that the district court erred in failing to reduce his offense level for a minor role and for acceptance of responsibility. Finally, Torrez argues that the district court procedurally erred by failing to adequately explain its reasoning for sentencing him to 150 months' imprisonment. After reviewing the parties' briefs and the record on appeal, we find that the district court did not commit reversible error, and we affirm Torrez's sentence.

## I. Background

Torrez's charges and subsequent conviction stem from his participation in a drug conspiracy, in which Torrez would ship powder cocaine and marijuana from Arizona to one of his codefendants, Antonio Beverly, who resided in Florida. Beverly also traveled to Arizona to pick up powder cocaine from Torrez. Beverly, in turn, would provide a portion of the drugs to another codefendant, George Bivins, Jr. Both Beverly and Bivins would convert portions of the powder cocaine into crack cocaine, and then redistribute the drugs to their customers and mid-level

distributors, several of whom also were named as codefendants. In return for the drug shipments, Torrez would either have cash shipped back to him or have the money deposited into a number of bank accounts opened by other individuals.

In February 2013, a federal grand jury issued an indictment charging Torrez with multiple counts pertaining to this drug distribution scheme. Torrez pled guilty without the benefit of a written plea agreement to: (1) conspiracy to possess with intent to distribute powder cocaine, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute powder cocaine, in violation of 21 U.S.C. § 841(a)(1); and (3) two counts of attempted possession with intent to distribute powder cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court adjudged Torrez guilty on all counts. After a two-day sentencing hearing in March 2014, the district court calculated Torrez's total offense level as 33 with a criminal history category of I; Torrez's guideline range was set at 135 to 168 months' imprisonment. The district court determined that a sentence within the guideline range was sufficient but not greater than necessary to comply with the requirements of 18 U.S.C. § 3553 and sentenced Torrez to a total of 150 months' imprisonment. This appeal ensued.

## II. Discussion

### A. Role Enhancement

On appeal, Torrez argues that the sentencing court erred in calculating his advisory guideline range by imposing a three-point enhancement for his role as a

manager or supervisor in the drug conspiracy pursuant to U.S.S.G. § 3B1.1(b).  He contends that, under § 3B1.1(b), he did not qualify as a manager or supervisor in the conspiracy, but rather had a simple "buyer-seller" relationship with codefendant Beverly.  Moreover, Torrez contends that transcripts of intercepted phone calls introduced at his sentencing hearing failed to show that he played a managerial or supervisory role over any other co-conspirators.  Rather, Torrez avers that the communications demonstrated that he had worked "cooperatively" with other individuals.

We review a district court's determination of a defendant's role in an offense for clear error.  *United States v. Jennings*, 599 F.3d 1241, 1253 (11th Cir. 2010).  Pursuant to the Sentencing Guidelines, a sentencing court may increase an offense level by three levels in instances where "the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(b).  In determining the defendant's role in the offense, the district court must consider several factors, such as "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, . . . [and] the degree of participation in planning or organizing the offense."  *Id.* § 3B1.1 cmt. n.4.

It is not required that all of the factors exist in any one case; instead, they are "merely considerations for the sentencing judge, who makes the factual

4

determinations for the applicability of the § 3B1.1 enhancement on a case-by-case basis." *United States v. Ramirez*, 426 F.3d 1344, 1356 (11th Cir. 2005) (per curiam). Rather, § 3B1.1 "requires the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership." *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993) (per curiam) (internal quotation marks omitted). The defendant need only manage or supervise one other participant for the enhancement to apply. *See* U.S.S.G. § 3B1.1 cmt. n.2.

Here, while Torrez's purported "buyer/seller" relationship with codefendant Beverly might not serve as a sufficient basis for a U.S.S.G. § 3B1.1(b) enhancement on its own, *see United States v. Glinton*, 154 F.3d 1245, 1260 (11th Cir. 1998), Torrez conceded during sentencing that he had "recruited" at least three other individuals to the conspiracy and "directed" their actions, *see* U.S.S.G. § 3B1.1 cmt. n.4. Also, transcripts of Torrez's intercepted phone calls presented by the government at the sentencing hearing demonstrated Torrez's level of "control, influence or leadership" over individuals whom he directly commanded to perform certain actions regarding the drug conspiracy's shipping process, as well as his level of influence over unspecified individuals whom he paid for the use of their bank accounts. *See id.* § 3B1.1 cmt. n.4; *see also Jennings*, 599 F.3d at 1253. Thus, the district court did not clearly err in concluding that Torrez qualified as a manager or supervisor. *See Jennings*, 599 F.3d at 1253.

## B. "Safety Valve" Relief

Torrez next argues that the district court erred in concluding that he was statutorily ineligible for "safety valve" relief, pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  He contends that, because the enhancement for his manager/supervisor role under § 3B1.1(b) is invalid, the denial of his request for "safety valve" relief also is invalid.

We review a sentencing court's factual determinations and subsequent denial of "safety valve" relief for clear error.  *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).  The defendant has the burden of proving that he meets the eligibility requirements under U.S.S.G. § 5C1.2.  *Id.*

The "safety valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 enables a district court to sentence a defendant without regard to the statutory minimum for certain offenses, if five requirements are met.  *See United States v. Milkintas*, 470 F.3d 1339, 1344–45 (11th Cir. 2006) (per curiam).  As relevant here, the defendant must not have been "an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(4); U.S.S.G. § 5C1.2(a)(4).  As discussed above, Torrez qualified as a manager or supervisor under U.S.S.G. § 3B1.1(b).  Hence, he does not meet the fourth requirement for "safety valve" relief, and the court did not err in denying such relief.  *See* 18 U.S.C. § 3553(f)(4); U.S.S.G. § 5C1.2(a)(4).

### C. *Minor-Role Reduction*

Torrez also argues on appeal that the sentencing court erred in failing to sua sponte grant him a minor-role reduction, pursuant to U.S.S.G. § 3B1.2(b). Torrez asserts that he was entitled to such relief for the following reasons: he never directly supplied powder cocaine to codefendant Bivins, nor was he involved in the conversion of powder cocaine to crack cocaine; he was located in Arizona, while the bulk of Bivins's operation was in Florida; he was only involved with selling cocaine to Beverly for about three months; and the majority of the powder cocaine for which Torrez was held accountable at sentencing never even made it to codefendants Bivins or Beverly, as the packages were intercepted by law enforcement.

A district court's determination of the defendant's role in the offense normally is reviewed for clear error. *See United States v. Harness*, 180 F.3d 1232, 1234 (11th Cir. 1999). However, because Torrez failed to raise any objections on this issue before the district court, we review for plain error. *See id.*

A defendant may receive a reduction in his offense level if his role in the offense "makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A). The defendant bears the burden of proving his minor role in the offense by a preponderance of the evidence. *United States v. Rodriguez De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (en banc). To receive a

7

two-level minor-role reduction, the defendant must show that he is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5.

In determining whether a mitigating-role adjustment applies, the district court should consider two principles: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944.

Here, Torrez fails to demonstrate that the district court plainly erred in declining to issue a minor-role reduction sua sponte. With respect to the first prong of the *De Varon* test, the district court held Torrez responsible for trafficking and possessing with intent to distribute 8.74 kilograms of powder cocaine and 10 pounds of marijuana. He conceded to this very behavior when he testified during his sentencing hearing. Thus, Torrez's actual conduct was identical to the relevant conduct for which he was held accountable. *See id.* at 941 (determining that the defendant cannot show his role was minor when the relevant conduct attributed to him is identical to his actual conduct). With respect to the second prong of the *De*

8

*Varon* test, Torrez has not demonstrated that he is less culpable than "most other participants" in the underlying criminal conduct; while at least five other codefendants also supplied powder cocaine to Beverly and Bivins, they provided significantly smaller amounts of the drugs. *See* U.S.S.G. § 3B1.2 cmt. n.5; *De Varon*, 175 F.3d at 940.

## D. *Acceptance of Responsibility*

Torrez further argues that the district court erred in denying him an additional third-point reduction in his offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b). He received a two-point reduction for acceptance of responsibility, and he now contends that he met the prerequisite for the third point, as he had entered a timely guilty plea and had saved the government the great expense of a trial.

Plain-error review applies here because Torrez did not raise objections before the district court. *See Harness*, 180 F.3d at 1234. We reject a defendant's claim for an additional one-level reduction pursuant to § 3E1.1(b) where the government did not file a motion in support of such a reduction. *See United States v. Wade*, 458 F.3d 1273, 1282 (11th Cir. 2006); U.S.S.G. § 3E1.1 cmt. n.6 ("Because the [g]overnment is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an

9

adjustment under subsection (b) may only be granted upon a formal motion by the [g]overnment at the time of sentencing.").

Here, as the record demonstrates, the government never filed a formal motion for a reduction under U.S.S.G. § 3E1.1(b). *See Wade*, 458 F.3d at 1282. Indeed, the government argued against any acceptance of responsibility reduction because Torrez lied under oath during his sentencing hearing. The district court noted that it could deny Torrez any reduction and could potentially even apply an enhancement for obstruction, but the court nonetheless gave Torrez a two-point reduction for acceptance of responsibility since he saved the government from having to go to trial. Thus, we find that the district court did not err, plainly or otherwise, in denying Torrez the additional third-point reduction for acceptance of responsibility.

### E.  Sentence Explanation

Lastly, Torrez argues that the district court procedurally erred by failing to adequately explain its reasoning for sentencing him to a total of 150 months' imprisonment. He contends that the court's "routine statement" that it had considered the parties' arguments and the factors listed under 18 U.S.C. § 3553(a), without any further explanation, falls short of ensuring that his sentence within the guideline range was "sufficient, but not greater than necessary." Torrez also

asserts that the court failed to explain why it sentenced him above the minimum required sentence of ten years' imprisonment.

We review the reasonableness of a sentence using a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). Since Torrez is challenging the sentence, he bears the burden of establishing unreasonableness. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Because Torrez did not object to the procedural reasonableness of his sentence before the district court, we review for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

The sentencing court is not required to "incant the specific language used in the guidelines" or "articulate its consideration of each individual § 3553(a) factor," so long as the record reflects that the court considered many of those factors. *United States v. Bonilla*, 463 F.3d 1176, 1182 (11th Cir. 2006) (internal quotation marks omitted). Here, the district court sufficiently satisfied the requirements for a procedurally reasonable sentence. After holding a comprehensive sentencing hearing, the court stated that it had considered the parties' arguments and the § 3553(a) factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) ("[A]n acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice." (internal quotation marks omitted)).

11

Furthermore, although the court did not explicitly articulate the reasons for its choice of sentence, the context of the entire sentencing hearing indicates that the court did consider several of the § 3553(a) factors. *See United States v. Parrado*, 911 F.2d 1567, 1573 (11th Cir. 1990) (finding that the transcript of a sentencing hearing and sentencing court's closing remarks sufficiently supported the sentence imposed). Namely, the court reviewed the nature, circumstances, and seriousness of Torrez's involvement in the underlying drug conspiracy. *See* 18 U.S.C. § 3553(a)(1), (2). The court also reviewed Torrez's history and characteristics, including his lack of a criminal record. *See id.* § 3553(a)(1). Thus, Torrez has not met his burden to show that his 150-month sentence was procedurally unreasonable.

## III. Conclusion

Accordingly, after consideration of the parties' briefs and review of the record on appeal, we affirm Torrez's total sentence.

**AFFIRMED.**